liKNOLL, Judge.
This appeal concerns a 29 acre tract located in Evangeline Parish. In May, 1995, Peter John Wade Rankin Deshotels, Sr. [Wade Deshotels] advertised an auction of the 29 acre tract to be held June 4, 1995. The property was then owned by Deshotels Swine Producers, Inc., a corporation of which Wade Deshotels was the sole shareholder. Flyers distributed by Wade Deshotels included a plat map that indicated that Deshotels Swine Producers, Inc. was the owner of the tract.
Deshotels Swine Producers, Inc. had failed to pay its 1994 property taxes, and Wade Deshotels allowed the 29 acre tract to be sold at tax sale on May 31,1995. Wade Deshotels attended this tax sale and purchased the tract for $71.83. He transferred the property to his two minor children, Ashley and Zackery. Therefore, | ^Ashley and Zackery were the owners of the tract, but Deshotels Swine Producers, Inc. could redeem the property for $71.83.
Wade Deshotels then proceeded to sell the tract at auction on June 4, 1995. Wade Deshotels was the auctioneer and he assured the potential bidders that the property would be transferred by a warranty deed and would be free of mortgages and other encumbrances. He did not inform the bidders that he had purchased the tract at the tax sale only days before the auction, or that the tract was now owned by his children subject to redemption. At auction, the property was adjudicated to Anthony Deshotels, who gave Wade Deshotels a check for $36,400.00. Wade Deshotels negotiated this check and placed the funds in a trust account pending completion of paperwork on the removal of a FHA mortgage on the property.
On July 6,1995, Wade Deshotels presented to Anthony Deshotels a “Land Sale by Private Act” in which he attempted to transfer only the children’s interest in the tract. Anthony Deshotels objected to the form of the transfer in that it was not a warranty deed and that it only transferred the children’s interest, which was subject to Deshotels Swine Producers, Inc.’s right of redemption. Anthony Deshotels also objected that Wade Deshotels was not authorized as natural tutor to transact the sale of the children’s property.
On July 10, Anthony Deshotels presented a “Cash Sale” to Wade Deshotels, which would effect a transfer of Deshotels Swine Producers, Inc.’s interest in the property, and warranty the transfer. Wade Deshotels refused to sign the Cash Sale, so Anthony Deshotels petitioned the court for a declaratory judgment and injunctive relief. Prior to trial, Wade Deshotels used the $36,400.00 from the sale to pay off a FHA mortgage which encumbered properties owned by him including the 29 acre tract.
I3TI1ÍS matter was tried on July 19, 1995. In ruling in favor of Anthony Deshotels, the trial court found that Wade Deshotels flagrantly abused his duties as an auctioneer and practiced fraud and deceit by not disclosing the existence of the tax sale prior to the auction. The trial court found that the transfer proposed by Wade Deshotels was defective, and it ordered Wade Deshotels in his various capacities as individual, tutor, and corporate officer, to transfer the property through a warranty deed within ten days of the court’s ruling. The trial court further ordered Wade Deshotels to cancel any outstanding mortgages or liens on the property.
Wade Deshotels brings this appeal, requesting that the judgment of the trial court be overturned. He did not specify any errors.
After a thorough review of the record, we-conclude that the trial court did not err in its judgment. The trial court’s findings of fact are well supported by the record evidence. The record reflects that Wade Deshotels assured the bidders at auction that there would be a warranty sale and that the tract would be free of mortgages and other encumbrances. The flyer distributed by Wade Deshotels clearly indicated that the tract was owned by Deshotels Swine Producers, Inc., and Wade Deshotels made no mention of the tax sale at the auction. The trial court was correct to require Wade Deshotels to execute a warranty sale of the property in his capacity as an officer of Deshotels Swine Producers, Inc., and to transfer the title free of encumbrances in accordance with the repre *1150 sentations he made at the sale of the property-
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant.
AFFIRMED.